PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
JUSTIN J. GILIO
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN ALFREDO LEIVA-LEIVA ET AL,<br><br>Defendants. | CASE NO. 1:22-CR-00232-JCC-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: January 22, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |
|---|---|

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. Defendants are set for a status conference on **January 22, 2025**, in front of the Honorable Barbara A. McAuliffe, U.S. Magistrate Court Judge. The parties wish to **continue the status conference to February 26, 2025**.

2. All parties have previously stipulated to a finding that the case is a "complex case" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

3. This case was originally set for status conference on February 19, 2025, before Judge Oberto. Subsequent to that setting, the case was reassigned was reset to January 22, 2025, before Judge McAuliffe. Time was waived through February 19, 2025.

4. Several counsel have represented that they have scheduling issues on January 22, 2025.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

5.      All parties agree to exclude time between **January 22, 2025**, and **February 26, 2025**, inclusive.

6.      The parties agree and stipulate, and request that the Court find the following:

a)      The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel and/or produced to a court-appointed discovery coordinator, and/or made available for inspection and copying.

b)      The government has filed notices indicating that it will not be seeking the death penalty against certain defendants.  Subsequent to those notices, defense counsel has been engaged in settlement negotiations and subsequent investigation, but because of the complexity of the case additional time is required.

c)      Complex Case Designation: Additionally, the parties stipulate and agree that the case should be designated a "complex case" as it so complex, due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.

d)      Counsel for defendants desire additional time to consult with their clients, conduct investigation, review the voluminous discovery, prepare for a possible trial, and explore a potential resolution of the case.

e)      Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of **January 22, 2025** to **February 26, 2025**, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv) because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.  This stipulation also results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 2, 2025     PHILLIP A. TALBERT
                           United States Attorney

                           /s/ Robert L. Veneman-Hughes
                           ROBERT L. VENEMAN-HUGHES
                           Assistant United States Attorney

Dated: January 2, 2025     /s/ Tim Warriner
                           Tim Warriner
                           Counsel for Defendant
                           Martin Alfredo Leiva-Leiva

Dated: January 2, 2025     /s/ Kim Freter
                           Kim Freter
                           Learned Counsel for Defendant
                           Martin Alfredo Leiva-Leiva

| | |
|---|---|
| Dated:  January 2, 2025 | /s/ Jonathan C. Aminoff |
| | Jonathan C. Aminoff |
| | Counsel for Defendant |
| | Jose Rene Barrera-Martinez |
| Dated:  January 2, 2025 | /s/ Jimmy Threat |
| | Jimmy Threat |
| | Counsel for Defendant |
| | Jose Rene Barrera-Martinez |
| Dated:  January 2, 2025 | /s/ Galatea DeLapp |
| | Galatea DeLapp |
| | Counsel for Defendant |
| | Angel Antonio Diaz-Morales |
| Dated:  January 2, 2025 | /s/ Teri Thompson |
| | Teri Thompson |
| | Learned Counsel for Defendant |
| | Angel Antonio Diaz-Morales |
| Dated:  January 2, 2025 | /s/ Dina Santos |
| | Dina Santos |
| | Counsel for Defendant |
| | Luis Fausino Diaz-Pineda |
| Dated:  January 2, 2025 | /s/ James Castle |
| | James Castle |
| | Learned Counsel for Defendant |
| | Luis Faustino Diaz-Pineda |
| Dated:  January 2, 2025 | /s/ Daniel Benjamin Olmos |
| | Daniel Benjamin Olmos |
| | Counsel for Defendant |
| | Juan Carlos Urias-Torres |
| Dated:  January 2, 2025 | /s/ Adilene Flores |
| | Adilene Flores |
| | Counsel for Defendant |
| | Juan Carlos Urias-Torres |
| Dated:  January 2, 2025 | /s/ David Stern |
| | David Stern |
| | Learned Counsel for Defendant |
| | Angel Antonio Castro-Alfaro |

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4

| | |
|---|---|
| Dated:  January 2, 2025 | /s/ Kasha Castillo<br>Kasha Castillo<br>Counsel for Defendant<br>Jose Joaquin Orellana |
| Dated:  January 2, 2025 | /s/ Ellis Murray Johnston<br>Ellis Murray Johnston<br>Learned Counsel for Defendant<br>Jose Joaquin Orellana |
| Dated:  January 2, 2025 | /s/ Michael McKneely<br>Michael McKneely<br>Counsel for Defendant<br>Julio Cesar Recinos-Sorto |
| Dated:  January 2, 2025 | /s/ Mark Goldenrosen<br>Mark Goldrosen<br>Learned Counsel for Defendant<br>Julio Cesar Recinos-Sorto |

## **ORDER**

IT IS SO ORDERED that the status conference is continued from January 22, 2025, to **February 26, 2025, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv).

IT IS SO ORDERED.

Dated:  **January 2, 2025**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5