MICHELE BECKWITH
Acting United States Attorney
KIMBERLY A. SANCHEZ
JUSTIN J. GILIO
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARTIN ALFREDO LEIVA-LEIVA ET AL,<br><br>　　　　　　　Defendants. | CASE NO. 1:22-CR-00232-BLW-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: February 26, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.　Defendants are set for a status conference on **February 26, 2025**, in front of the Honorable Barbara A. McAuliffe, U.S. Magistrate Court Judge. The parties wish to **continue the status conference to July 23, 2025**.

2.　All parties have previously stipulated to a finding that the case is a "complex case" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

3.　This case alleges multiple violations of 18 U.S.C. § 1959, VICAR Murder, for which the maximum statutory penalty is death. For certain defendants, the government has previously filed notice that it is not seeking the death penalty.

4.　On February 5, 2025, the Attorney General issued a public memorandum entitled

"Reviving the Federal Death Penalty and Lifting the Moratorium on Federal Executions." In it, in Section III, the Attorney General directed a review of "no-seek decisions issued in all pending capital-eligible-cases … charged between January 20, 2021 and January 19, 2025." The memorandum directed specifically that "[p]articular attention shall be paid to cases involving defendants associated with cartels or transnational criminal organizations" and "capital crimes committed by defendants present in the United States illegally." The memorandum directed that this review be completed within 120 days of February 5, 2025.

5. While the government is not seeking a continuance on the basis of this memorandum, it does not object to defendants seeking a continuance because of these changed circumstances.

6. All parties agree to exclude time between **February 26, 2025**, and **July 23, 2025**, inclusive.

7. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel and/or produced to a court-appointed discovery coordinator, and/or made available for inspection and copying.

   b) Defense counsel has been engaged in settlement negotiations and subsequent investigation, but because of the complexity of the case additional time is required.

   c) Complex Case Designation: Additionally, the parties stipulate and agree that the case should be designated a "complex case" as it so complex, due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.

   d) Counsel for defendants desire additional time to consult with their clients, conduct investigation, review the voluminous discovery, prepare for a possible trial, and explore a potential resolution of the case.

   e) Counsel for defendants believe that failure to grant the above-requested

continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f) The government does not object to the continuance.

  g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of **February 26, 2025** to **July 23, 2025**, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv) because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.  This stipulation also results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 19, 2025        MICHELE BECKWITH
                    Acting United States Attorney

                    /s/ Robert L. Veneman-Hughes
                    ROBERT L. VENEMAN-HUGHES
                    Assistant United States Attorney

| | |
|---|---|
| Dated: February 19, 2025 | /s/ Tim Warriner<br>Tim Warriner<br>Counsel for Defendant<br>Martin Alfredo Leiva-Leiva |
| Dated: February 19, 2025 | /s/ Kim Freter<br>Kim Freter<br>Learned Counsel for Defendant<br>Martin Alfredo Leiva-Leiva |
| Dated: February 19, 2025 | /s/ Jonathan C. Aminoff<br>Jonathan C. Aminoff<br>Counsel for Defendant<br>Jose Rene Barrera-Martinez |
| Dated: February 19, 2025 | /s/ Jimmy Threat<br>Jimmy Threat<br>Counsel for Defendant<br>Jose Rene Barrera-Martinez |
| Dated: February 19, 2025 | /s/ Galatea DeLapp<br>Galatea DeLapp<br>Counsel for Defendant<br>Angel Antonio Diaz-Morales |
| Dated: February 19, 2025 | /s/ Teri Thompson<br>Teri Thompson<br>Learned Counsel for Defendant<br>Angel Antonio Diaz-Morales |
| Dated: February 19, 2025 | /s/ Dina Santos<br>Dina Santos<br>Counsel for Defendant<br>Luis Fausino Diaz-Pineda |
| Dated: February 19, 2025 | /s/ James Castle<br>James Castle<br>Learned Counsel for Defendant<br>Luis Faustino Diaz-Pineda |

| | | |
|---|---|---|
| Dated: February 19, 2025 | | /s/ Daniel Benjamin Olmos |
| | | Daniel Benjamin Olmos |
| | | Counsel for Defendant |
| | | Juan Carlos Urias-Torres |

Dated: February 19, 2025                              /s/ Adilene Flores
                                                                     Adilene Flores
                                                                     Counsel for Defendant
                                                                     Juan Carlos Urias-Torres

Dated: February 19, 2025                              /s/ David Stern
                                                                     David Stern
                                                                     Learned Counsel for Defendant
                                                                     Angel Antonio Castro-Alfaro

Dated: February 19, 2025                              /s/ Kasha Castillo
                                                                     Kasha Castillo
                                                                     Counsel for Defendant
                                                                     Jose Joaquin Orellana

Dated: February 19, 2025                              /s/ Ellis Murray Johnston
                                                                     Ellis Murray Johnston
                                                                     Learned Counsel for Defendant
                                                                     Jose Joaquin Orellana

Dated: February 19, 2025                              /s/ Michael McKneely
                                                                     Michael McKneely
                                                                     Counsel for Defendant
                                                                     Julio Cesar Recinos-Sorto

Dated: February 19, 2025                              /s/ Mark Goldenrosen
                                                                     Mark Goldrosen
                                                                     Learned Counsel for Defendant
                                                                     Julio Cesar Recinos-Sorto

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT                              5

**ORDER**

The Stipulation to continue the status conference is GRANTED IN PART and DENIED IN PART.  IT IS SO ORDERED that the status conference is continued from February 26, 2025 to **March 31, 2025, at 1:00 p.m. in Courtroom 5 before District Judge B. Lynn Winmill**.  Pursuant to the Stipulation, time is excluded from February 26, 2025 to July 23, 2025 pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv).

IT IS SO ORDERED.

Dated:   **February 20, 2025**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE